# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **TERRY INGRAM,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-26-CV-210-LS** |
| | § | |
| **FEDERAL BUREAU OF PRISONS,** | § | |
| **Respondent.** | § | |

### ORDER DISMISSING COMPLAINT UNDER THE PRIVACY ACT

Petitioner Terry Ingram, Federal Prisoner Number 46827-509, seeks the correction of a record maintained in the Bureau of Prisons (BOP) Inmate Central Record System through a complaint filed pursuant to the Privacy Act, specifically 5 U.S.C. § 552a(g)(1)(A).[1] He claims the BOP maintains a document in his file which falsely identifies him as a prisoner convicted of a fentanyl offense. His complaint is dismissed with prejudice.

Courts are to screen an inmate complaint "before docketing, if feasible, or, ... as soon as practicable after docketing," and dismiss the complaint if it is "frivolous, malicious, ... fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief from a defendant who is immune from such relief."[2] A claim is frivolous, if it "lacks an arguable basis either in law or in fact."[3] "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[4] A complaint is factually frivolous if it alleges facts that are "'clearly baseless,'... are 'fanciful,' 'fantastic,' and 'delusional'... [or] rise to the level of the irrational or wholly incredible,

---

[1] Pl.'s Compl., ECF No. 2.
[2] *Jones v. Bock*, 549 U.S. 199, 213 (2007) (citing 28 U.S.C. §§ 1915A(a), (b)).
[3] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[4] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

whether or not there are judicially noticeable facts available to contradict them."[5] A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level.[6]

The Privacy Act generally requires federal agencies to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."[7] The Act allows "[i]njunctive relief … in two categories of cases: suits to amend a record, § 552a(g)(2),[8] and suits for access to a record, § 552a(g)(3).[9]"[10]

But the BOP has exempted its Inmate Central Record System from the accuracy provisions of 5 U.S.C. § 552a(e)(5).[11] And even if the BOP had waived its exemption, the record shows that Ingram clearly agreed to plead guilty, pursuant to a plea agreement, to possessing with intent to distribute more than 40 grams of fentanyl:

> … Count 3 of the indictment, charging a violation of 21 U.S.C. § 841(a)(1) and (b)(l)(B), that being: possession with intent to distribute 100 grams and more of a mixture and substance containing a detectable amount of heroin; and to a two-count information charging violations of 21 U.S.C. § 841(a)(l) and (b)(l)(B), that being: possession with intent to distribute 40 grams and more of a mixture and substance containing a detectable amount of fentanyl (Count 1) and possession with intent to distribute 5 grams and more of methamphetamine (Count 2).[12]

---

[5] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[6] *Montoya v. FedEx Ground Packaging Sys. Inc*., 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[7] 5 U.S.C. § 552a(e)(5).
[8] U.S.C. § 552a(g)(2)(A) ("In any suit brought under the provisions of subsection (g)(1)(A) of this section, the court may order the agency to amend the individual's record in accordance with his request or in such other way as the court may direct.").
[9] 5 U.S.C. § 552a(g)(3)(A) ("In any suit brought under the provisions of subsection (g)(1)(B) of this section, the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him.").
[10] *Doe v. Chao*, 540 U.S. 614, 635 (2004).
[11] *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (citing 28 C.F.R. § 16.97(j)); *see also* 5 U.S.C. § 552a(j).
[12] *See United States v. Ingram*, 1:21-cr-00843-JB-1 (D. N.M.), Plea Agreement, ECF No. 53 at ¶ 3.

Moreover, Ingram was sentenced to three concurrent terms of 96 months' imprisonment followed by four years' supervised release after his convictions for possessing with intent to distribute more than 40 grams of fentanyl and two other offenses:

> Possession with Intent to Distribute 40 Grams and More of Fentanyl (N-Phenyl-N-[1-(2-Phenylethyl)-4-piperidinyl] propanamide) [sic] … Possession with Intent to Distribute 5 Grams and More of Methamphetamine … Possession with Intent to Distribute 100 Grams and more of Heroin.[13]

The Court therefore concludes that Ingram's claims are both frivolous and fail to state a claim upon which relief may be granted. The Court accordingly **DISMISSES** Ingram's "Complaint for Privacy Act Correction and Injunctive Relief Only Pursuant to 5 U.S.C. § 552a" (ECF No. 2) **WITH PREJUDICE**.

**SIGNED** this 10th day of April 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Id*., J. Crim. Case, ECF No. 66.

3