IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TERRY INGRAM,<br>    Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. EP-26-CV-210-LS |
| FEDERAL BUREAU OF PRISONS,<br>    Respondent. | §<br>§<br>§ | |

## ORDER DENYING PETITION FOR A WRIT OF MANDAMUS

Petitioner Terry Ingram, Federal Prisoner Number 46827-509, petitions the Court for a writ of mandamus.[1] He claims the Bureau of Prisons (BOP) has erroneously coded his conviction as fentanyl-related and has improperly rendered him ineligible for First Step Act Earned Time Credits (FTCs) which could be applied toward his early release to supervision. He asks the Court to compel the BOP to correct his offense code and make him eligible to accrue FTCs. His petition is denied.

Federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[2]

The record shows that Ingram agreed, pursuant to a plea agreement, to plead guilty to possessing with intent to distribute more than 40 grams of fentanyl:

> … Count 3 of the indictment, charging a violation of 21 U.S.C. § 841(a)(1) and (b)(l)(B), that being: possession with intent to distribute 100 grams and more of a mixture and substance containing a detectable amount of heroin; and to a two-count information charging violations of 21 U.S.C. § 841(a)(l) and (b)(l)(B), that being: possession with intent to distribute 40 grams and more of a mixture and substance containing a detectable amount of fentanyl (Count 1) and possession with intent to distribute 5 grams and more of methamphetamine (Count 2).[3]

---

[1] Pet'r's Pet., ECF No. 3.

[2] 28 U.S.C. § 1361.

[3] *See United States v. Ingram*, 1:21-cr-00843-JB-1 (D. N.M.), Plea Agreement, ECF No. 53 at ¶ 3.

Ingram was sentenced to three concurrent terms of 96 months' imprisonment followed by four years' supervised release after his convictions for the fentanyl and two other offenses:

> Possession with Intent to Distribute 40 Grams and More of Fentanyl (N-Phenyl-N-[1-(2-Phenylethyl)-4-piperidinyl] propanamide) [sic] … Possession with Intent to Distribute 5 Grams and More of Methamphetamine … Possession with Intent to Distribute 100 Grams and more of Heroin.[4]

The FSA lists two types of *disqualifying* fentanyl convictions which render a prisoner ineligible to acquire FTCs.[5] First, where the prisoner "was an organizer, leader, manager, or supervisor of others in the [fentanyl] offense, as determined under the guidelines."[6] Second, where the prisoner is serving a sentence for a fentanyl conviction under 21 U.S.C. § 841(b)(1)(A)(vi) (involving 400 grams or more of a mixture containing a detectable amount of fentanyl) or 21 U.S.C. § 841(b)(1)(B)(vi) (involving 40 grams or more of a mixture containing a detectable amount of fentanyl).[7]

The Court finds that Ingram has a conviction for possessing with intent to distribute more than 40 grams of fentanyl in violation of 21 U.S.C. Sec 841(a)(1) and (b)(1)(B).[8] Consequently, the Court further finds that Ingram was correctly identified as disqualified from receiving FTCs because of a fentanyl conviction. The Court therefore concludes the BOP did not err when it denied Ingram FTCs and it will not compel the BOP to correct his offense code. Accordingly, the Court **DENIES** Ingram's "Petition for a Writ of Mandamus pursuant to 28 U.S.C. § 1361" (ECF No. 3).

**SIGNED** this 10th day of April 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Id.*, J. Crim. Case, ECF No. 66.
[5] 18 U.S.C. § 3632(d)(4)(D).
[6] *Id.* § 3632(d)(4)(D)(lxviii).
[7] *Id.* § 3632(d)(4)(D)(lxvi).
[8] *See United States v. Ingram*, 1:21-cr-00843-JB-1 (D. N.M.), J. Crim. Case, ECF No. 66.